UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAIME ELLEN FLORMAN-GOFORTH,<br><br>              Plaintiff,<br><br>      v.<br><br>CAROLYN W. COLVIN, ACTING<br>COMMISSIONER OF THE<br>SOCIAL SECURITY ADMINISTRATION,<br><br>              Defendant. | Case No.  CV 13-8508-PJW<br><br>MEMORANDUM OPINION AND ORDER |

## I. INTRODUCTION

This matter is before the Court following remand. *See Florman-Goforth v. Astrue*, CV 10-2895-PJW. Plaintiff claims that the Administrative Law Judge ("ALJ") erred when she found that Plaintiff was not credible. For the reasons explained below, the Court concludes that the ALJ did not err.

## II. SUMMARY OF PROCEEDINGS

On April 10, 2006, Plaintiff applied for DIB, alleging that she became disabled on September 17, 1997, when she was hit in the head by a window she was trying to close in her classroom, causing dizziness, headaches, slurred speech, disorientation, pain, and depression. (Administrative Record ("AR") 71-75, 92, 151.) Her claim was denied

initially and on reconsideration.  She then requested and was granted a hearing before an ALJ.  Plaintiff failed to appear for the hearing and her request to reschedule was denied.  (AR 18, 45-49.)  On March 27, 2008, the ALJ issued a decision, finding that she was not credible and denying her application for benefits.  (AR 18-26.)  Plaintiff appealed to the Appeals Council, which denied review.  She then appealed to this court.  On September 9, 2011, the Court issued its decision, reversing the ALJ's decision and remanding the case to the Social Security Administration ("the Agency") for reconsideration of the credibility issue.  (AR 437-44.)

On remand, the case was assigned to a different ALJ, who held a hearing on April 16, 2012, in which Plaintiff appeared and testified. (AR 411-35.)  On April 18, 2012, the second ALJ issued a decision, finding that Plaintiff was not credible and denying her application for DIB.  (AR 385-96.)  This appeal followed.

## III. DISCUSSION

Plaintiff argues that the ALJ erred when she found that Plaintiff was not credible.  She contends that the ALJ simply regurgitated what the prior ALJ had said--which Plaintiff notes was already rejected by this Court--and, not unexpectedly, arrived at the same conclusion. The record does not support Plaintiff's argument.

Plaintiff maintains that the head injury she suffered in 1997 prevents her from performing any work to this day.  (AR 425-27.)  She claims that she suffers from vertigo, fuzzy cognitive problems, an inability to focus, headaches, dizziness, and memory loss.  (AR 425.) According to her testimony, these symptoms prevent her from leaving the house four or five days a week.  (AR 426.)

     The ALJ did not believe this testimony.  She noted, for example, that, though Plaintiff had been working part-time as a teacher in June 2005, she stopped working, not because she was disabled, but because she wanted to train to be a masseuse.  (AR 392.)  The record supports this finding (AR 92), and it is a legitimate reason for questioning Plaintiff's claims that she was unable to work due to pain.  *See Drouin v. Sullivan*, 966 F.2d 1255, 1258 (9th Cir. 1992) (upholding ALJ's finding that claimant's testimony that pain precluded work was not credible where claimant left jobs not because of pain but for other, unrelated reasons).

     The ALJ also noted that, despite her claims of debilitating pain, Plaintiff drove herself to college, attended classes and clinics, and studied for her classes, ultimately earning her massage therapist license.  (AR 392.)  This finding, too, is supported by the record.  (AR 107.)  Plaintiff attended college four to six hours a day and, though she may have had trouble with some tests due to her condition, she successfully completed the curriculum.  (AR 100, 423-24.)  This undermines her testimony that she was unable to perform any work and that, in fact, she was so infirm that she was unable to leave her house four to five days a week.  *See, e.g., Matthews v. Shalala*, 10 F.3d 678, 679-80 (9th Cir. 1993) (affirming ALJ's finding that claimant's testimony that pain precluded all work was inconsistent with her ability to attend school three days a week).

     The ALJ also noted the contradiction between Plaintiff's claim that she spent most of her time alone and avoided noise and lights and the fact that she went to coffeehouses with her friends to listen to music/comedy and attended Overeaters Anonymous meetings several times a week.  (AR 392.)  Similarly, the ALJ focused on the fact that

Plaintiff testified that she depended on friends to walk her dogs, help around the house, and take her places (AR 392), but told the examining doctor that she spent her time walking, attending Al-Anon meetings, getting together with friends, and gardening. (AR 171.) Plaintiff also told this doctor that she did her own cooking, shopping, and housework and that the only thing she could not do as a result of her injury was teach because the noise bothered her. (AR 171.) These reasons are supported by the record and are valid reasons for questioning Plaintiff's testimony. *See Batson v. Comm'r of Soc. Sec.*, 359 F.3d 1190, 1196 (9th Cir. 2004) (upholding ALJ's finding that claimant's professed inability to work because of pain was contradicted by his testimony that he tended to his animals, walked outdoors, went out for coffee, and visited with neighbors); and *Smolen v. Chater*, 80 F.3d 1273, 1284 (9th Cir. 1996) (explaining ALJ may consider claimant's daily activities and prior inconsistent statements in evaluating testimony about severity of symptoms).

    Finally, the ALJ found that the treatment records, or lack thereof, undermined Plaintiff's claims of debilitating pain and limitations. She noted, for example, that Plaintiff was treated primarily by a chiropractor and an acupuncturist and that her visits to medical doctors were few and far between. (AR 392.) This, too, is a valid reason for questioning Plaintiff's testimony, *Orn v. Astrue*, 495 F.3d 625, 638 (9th Cir. 2007) (explaining claimant's unexplained failure to seek medical treatment is a valid reason for questioning claim of debilitating pain), and is supported by the record. The medical records in this case span 15 years. There are very few records from medical doctors. Presumably, if Plaintiff's pain was so debilitating that 15 years after her injury she was still unable to

leave her house four or five days a week, she would have exhausted every available avenue to treat her condition.  The dearth of medical records in the file support the ALJ's finding that she failed to do that and calls into question the sincerity of her claims.

In the end, the Court finds that the ALJ set forth legitimate reasons for questioning Plaintiff's testimony and that those reasons are supported by substantial evidence in the record.  For that reason, the ALJ's credibility determination is affirmed.

IT IS SO ORDERED.

DATED: March 17, 2015

  _____
  PATRICK J. WALSH
  UNITED STATES MAGISTRATE JUDGE

S:\PJW\Cases-Social Security\FLORMAN-GOFORTH, 8508\memo opin and order.wpd